IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **RUSSELL RAY DILL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No. 3:23-cv-00593 |
| v. ) | |
| ) | Judge Trauger |
| **WILSON CO. CRIMINAL JUSTICE** ) | Magistrate Judge Holmes |
| **CENTER,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OPINION**

Russell Ray Dill, an inmate of the Wilson County Jail in Lebanon, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against the "Wilson Co. Criminal Justice Center" and "Medical at Wilson County Jail." (Doc. No. 1). Plaintiff also filed a supplement to his complaint. (Doc. No. 4).

The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.     PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

1

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520121 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. Facts Alleged by the Plaintiff

Plaintiff has been taking "meds of some sort" since he was sixteen years old for manic depressive bipolar disorder. (Doc. No. 1 at 3). He entered the Wilson County Jail on September 14, 2022, at which time he requested his medication. (Doc. No. 4 at 1). He was told by an unidentified individual that "a fax was sent to Walgreens about [his] meds" and he would receive them the next day, which would have been his twelfth day at the jail. (Doc. No. 1 at 3).

2

Subsequently, other nurses told Plaintiff they were "looking into" his medication. (*Id*.) Plaintiff went twenty-three days before receiving his medication. As a result, his mood was "greatly changed." (*Id*.)

The return vent in Plaintiff's cell does not work. Black mold "is on the walls and ceiling" due to poor circulation. (*Id*. at 4). Plaintiff has notified "the tower" and maintenance about the issue. (*Id*.) Plaintiff believes it is unhealthy to breathe the air in his cell.

## IV. Analysis

The complaint names only two Defendants to this action: the "Wilson Co. Criminal Justice Center" and "Medical at Wilson County Jail."

First, the Wilson County Criminal Justice Center is a building; it is not a "person" who can be sued under 42 U.S.C. § 1983. *Plemons v. CoreCivic Admin. Headquarters*, No. 3:18-cv-00498, 2018 WL 4094816, at *3 (M.D. Tenn. Aug. 28, 2018) (quoting *McIntosh v. Camp Brighton*, No. 14-CV-11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases establishing that facilities are inappropriate defendants under Section 1983)); *Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing Section 1983 claims against the Bradley County Justice Center on the same basis). Thus, the complaint fails to state a Section 1983 claim upon which relief can be granted against the Wilson County Criminal Justice Center, and all claims against the Wilson County Criminal Justice Center will be dismissed.

Likewise, the medical department of a jail facility is not a "person" who can be sued under Section 1983. *See Crockett v. DCSO Medical Dep't*, No. 3:20-cv-00199, 2020 WL 5407717, at *3 (M.D. Tenn. Sept. 8, 2020) (citation omitted) (finding that the DSCO Medical Department "is a place" not a person amenable to suit under Section 1983). Thus, the complaint also fails to state a

3

Section 1983 claim upon which relief can be granted against "Medical at Wilson County Jail", and all claims against "Medical at Wilson County Jail" will be dismissed.

Even if Plaintiff's medical care and conditions of confinement claims had been asserted against a proper defendant, he has failed to adequately allege that his constitutional rights were violated.

It is well settled that "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Pfeiffer v. Butler Cty. Sheriff Dep't*, No. 1:10CV672, 2012 WL 1203557, at *8 (S.D. Ohio Apr. 10, 2012) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). And the Eighth Amendment protects prison inmates from "cruel and unusual punishments," which includes "extreme deprivations" that deny "the minimal civilized measure of life's necessities." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) and *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Still, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347).

For a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [the plaintiff's] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834;

4

Case 3:23-cv-00593    Document 9    Filed 09/22/23    Page 4 of 6 PageID #: 38

*Helling*, 509 U.S. at 35-37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. To satisfy the subjective prong, an official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Id*. at 837.

Here, although the complaint alleges that Plaintiff did not receive his mental health medication for over twenty days, it does not allege that anyone who was aware of his serious medical need consciously disregarded that risk by failing to provide the medication to Plaintiff. Instead, the complaint alleges that various nurses attempted to obtain Plaintiff's medication during the time period at issue. Plaintiff therefore has not stated a claim for deliberate indifference to his serious medical needs under Section 1983.

Plaintiff also fails to state a claim regarding his alleged exposure to black mold. "Exposure to black mold may, in an appropriate case, satisfy the objective component of an Eighth Amendment violation." *Morales v. White*, No. 07-2018-STA-DKV, 2008 WL 4585340, at *14 (W.D. Tenn. Oct. 10, 2008). Although Plaintiff believes it is not healthy to breathe the air in his cell because of the presence of black mold on the walls, he does not provide any supporting allegations that could permit the court to infer that the mold "created a substantial risk to his health." *See Rogers v. Maclaren*, No. 1:20-cv-263, 2020 WL 3481541, at *8 (W.D. Mich. June 26, 2020) (finding that plaintiff's general "allegations about the presence of mold do not demonstrate the existence of a sufficiently serious risk to prisoner health"). For example, the the complaint does not allege that Plaintiff's health has suffered in any way after being housed in that cell. Plaintiff's allegations, therefore, fail to meet the objective prong of the deliberate indifference standard.

With respect to the subjective prong, Plaintiff alleges that he has complained to certain officials and the maintenance staff about the presence of black mold, but the condition continues

5

to exist. Without more, these allegations do not rise to the level of the deliberate indifference required to state an Eighth Amendment claim. *See Farmer*, 511 U.S. at 835 (holding that an Eighth Amendment violation requires a "state of mind more blameworthy than negligence").

## V. Conclusion

In screening the complaint pursuant to the PLRA, the court finds that the complaint fails to state Section 1983 claims upon which relief can be granted against all defendants. This action, therefore, will be dismissed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge